John B. Maher
**McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKeown Price LLP
 and Vernier & Maher LLP
**115 Hesler Place**
**Ground Floor, Governor Joseph**
 **Flores Building**
Hagåtña, Guam 96910
Telephone: (671) 477 7059
Facsimile: (671) 472-5487

**Attorney for Plaintiff**
KAIOH SUISAN CO., LTD.



FILED
DISTRICT COURT OF GUAM
MAY 23 2002
MARY L.M. MORAN
CLERK OF COURT

## UNITED STATES DISTRICT COURT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | CIVIL CASE NO. **02-00015** |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| TOM T. KAMIYAMA, YOSHIE M. KAMIYAMA and GUAM YTK CORP., | |
| Defendants. | |

COMES NOW Plaintiff KAIOH SUISAN CO., LTD. ("KAIOH SUISAN") through counsel McKEOWN • VERNIER • PRICE • MAHER, by John B. Maher and complains against the above-named Defendants as follows:

1. This Court has jurisdiction over this matter pursuant to 28 USC §1332.

2. The amount in controversy is at least Two Hundred Thousand Dollars ($200,000.00).

3. Plaintiff KAIOH SUISAN, at all times relevant herein, is a foreign corporation organized and existing under the laws of Japan.

-1-

**ORIGINAL**

4. Upon information and belief, Plaintiff KAIOH SUISAN alleges that Defendant Tom T. Kamiyama, is a resident of Guam.

5. Upon information and belief, Plaintiff KAIOH SUISAN alleges that Defendant Yoshie M. Kamiyama, is a resident of Guam.

6. Upon information and belief, Plaintiff KAIOH SUISAN alleges that Defendant GUAM YTK CORPORATION ("GUAM YTK") is a corporation organized, existing and doing business under the laws of Guam.

## FIRST CAUSE OF ACTION

## FRAUD

1. Defendants in their personal capacity, and in the capacity as principals of the Defendant GUAM YTK are and have been in the fishing business in Guam over an extensive period.

2. On or about October to November 2000, the Defendants, with the intent to deceive and defraud the Plaintiff, represented to Plaintiff KAIOH SUISAN, that the Plaintiff had the opportunity to enter into the fish brokering business for profit, and promised to assist the Plaintiff in establishing a company here on Guam, Guam Kai Oh Co., Ltd. ("Guam Kai Oh").

3. On said occasions, the Defendants further represented that Defendants required Two Hundred Thousand Dollars ($200,000.00) for start-up capital, from which the Defendants would incorporate, organize and operate Guam Kai Oh.

-2-

4. The Defendants promised and agreed to act as the Plaintiff's agents for the purpose of incorporating and operating Guam Kai Oh.

5. In reliance on said representations, on or about November 7, 2000, Plaintiff KAIOH SUISAN issued and transferred the sum of Two Hundred Thousand Dollars ($200,000.00) via International Seafood Trading Co., Ltd. ("International Seafood"), to the Defendants, for the paid in capital of Guam Kai Oh.

6. International Seafood is a foreign corporation, organized and existing under the laws of Washington State.

7. From the Two Hundred Thousand Dollars ($200,000.00), the Defendants TOM T. KAMIYAMA and YOSHIE M. KAMIYAMA ("KAMIYAMAS"), borrowed $70,000 and $10,000, respectively, for their acquisition of shares in Guam Kai Oh.

8. The Defendants KAMIYAMAS promised to pay back the Eighty Thousand Dollars ($80,000.00) once Guam Kai Oh began operating and earning a profit.

9. All paid-in capital was to be deposited in a Guam Kai Oh bank account.

10. At the time these representations were made, and at the time the Plaintiff acted in reliance on said representations, the Defendants had the secret intention of not to perform these promises, and each had the intention to misappropriate, convert and use said monies for their own purposes without using any of the monies for the operation for Guam Kai OH.

11. Said representations made by the Defendants to the Plaintiff were false, fraudulent and deceptive in that they organized and formed Guam Kai Oh, but did not act or even attempt to act to further the business of Guam Kai Oh.

12. The Plaintiff's agents breached their fiduciary duty to the Plaintiff by falsely representing to the Plaintiff that the Defendants would use all monies sent by the Plaintiff for the incorporation and operation of Guam Kai Oh. Defendants incorporated Guam Kai Oh, without proceeding further to promote or operate Guam Kai Oh; and in fact misappropriated, converted and used all the monies for their own use without the consent and approval of the Plaintiff.

13. The Defendants did not acquire office space, employees, equipment, supplies, open bank accounts, purchase fish or make other related arrangements for the operation of Guam Kai Oh.

14. On each and all of said occasions, the Defendants knew that said representations made by them to the Plaintiff were false and fraudulent, that the Defendants never intended to use said monies to run and operate Guam Kai Oh, or to operate Guam Kai Oh to earn a profit, and the Defendants made such false and fraudulent representations for the purpose of inducing the Plaintiff to rely thereon in providing the monies and turning such over to the Defendants.

15. The Plaintiff reasonably relied on said representations made by the Defendants.

16. By reason of said facts, the Plaintiff has been damaged in the sum of Two Hundred Thousand Dollars ($200,000.00), and by reason of the malice, oppression, fraud and willful disregard practiced by the Defendants against the Plaintiff, Plaintiff herein is also entitled to have and recover from the Defendants, punitive damages by way of punishment or example in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### CONVERSION

17. All prior allegations are realleged and incorporated herein by this reference.

18. At all times herein mentioned, the Plaintiff was and still is the owner and entitled to the possession of all monies provided to the Defendants for the purpose of organizing, incorporating and operating Guam Kai Oh.

19. On or about November 2000, the Defendants obtained the Two Hundred Thousand Dollars ($200,000.00) from GUAM YTK and converted such to their own use, without using said monies to conduct the operations of Guam Kai Oh, and without the consent of the Plaintiff.

20. As the proximate result of the Defendants' conversion, the Plaintiff lost $200,000 and suffered other damages in an amount to be proven at trial, and Plaintiff is also entitled to have and recover from the Defendants, punitive damages by way of punishment or example in an amount to be determined at trial.

21. Further, after knowledge and notice of the Plaintiff's request to return said monies, Defendants failed and refused, and continues to fail and refuse to return said monies.

22. The aforementioned acts of the Defendants were willful, wanton, malicious and oppressive, which were undertaken with the intent to defraud and oppress the Plaintiff, and justifies their awarding of exemplary and punitive damages in an amount to be proven at trial.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff KAIOH SUISAN CO., LTD. respectfully requests this Court for Judgment against all Defendants, jointly and severally, as follows:

1. For the value of the monies converted in the sum of Two Hundred Thousand Dollars ($200,000.00) from the Defendants;

2. For damages for time and money expended, to be proven at trial;

3. For punitive and exemplary damages to be proven at trial;

4. For and order declaring that the Defendant holds any and all properties, including leasehold interests, derived from the conversions and use of the Plaintiff's monies whether real or personal, in trust for the Plaintiff;

5. For an order compelling the Defendants to convey to the Plaintiff all interest in real or property, including leasehold interests, that was acquired from the conversion and use of the Plaintiff's monies;

6. For an order granting possession of the properties, including leasehold interests, derived from the conversion and use of the Plaintiff's monies, to the Plaintiff.

7. For an accounting of all monies owing to the Plaintiff;

8. Attorney's fees and costs of suit; and,

9. For such other relief as the Court may deem just and proper.

Dated this 23rd day of May, 2002.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorney for Plaintiff
**KAIOH SUISAN CO., LTD.**

By: _____
JOHN B. MAHER

\\Marielg\c\My Documents\CLIENTS (NON-GIA)\KAIOH SUISAN CO. LTD\KAIOH SUISAN CO. LTD. v GUAM YTK CORP\Pleadings\Complaint 031802.doc

# United States District Court

_____ DISTRICT OF _____

Kaioh Suisan Co., Ltd.

       Plaintiff,

V.

Tom T. Kamiyama, Yoshie M. Kamiyama and Guam YTK Corporation,

       Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 02-00015

TO: (Name and address of defendant)

Guam YTK Corporation
Hotel Wharf, Piti, Guam

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John B. Maher, Esq.
McKEOWN VERNIER PRICE MAHER
115 Hesler Place
Ground Flr., Gov. Joseph Flores Bldg.
Hagatna, Guam 969120

ACKNOWLEDGED RECEIPT

By: _____
Date: 05.23.02

an answer to the complaint which is herewith served upon you, within ____twenty (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
_____
CLERK

/s/ Walter M. Tenorio
_____
(BY) DEPUTY CLERK

MAY 23 2002
_____
DATE

# United States District Court

_____ DISTRICT OF _____

Kaioh Suisan Co., Ltd.

    Plaintiff,

V.

Tom T. Kamiyama, Yoshie M.
M. Kamiyama and Guam YTK Corporation,

    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 02-00015

TO: (Name and address of defendant)
TOM T. KAMIYAMA
Employed at Guam YTK Corporation
Hotel Wharf, Piti, Guam

ACKNOWLEDGED RECEIPT

By: _____
Date: 05.23.02

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John B. Maher, Esq.
McKEOWN VERNIER PRICE MAHER
115 Hesler Place
Ground Flr., Gov. Joseph Flores Bldg.
Hagatna, Guam 969120

an answer to the complaint which is herewith served upon you, within ____twenty (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran
CLERK

/s/ Walter M. Tenorio
(BY) DEPUTY CLERK

MAY 23 2002
DATE

# United States District Court

_____ DISTRICT OF _____

Kaioh Suisan Co., Ltd.

    Plaintiff,

**V.**

Tom T. Kamiyama, Yoshie M.
M. Kamiyama and Guam YTK Corporation,

    Defendants.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **02-00015**

ACKNOWLEDGED RECEIPT
By: _____
Date: 05-23-02

**TO:** (Name and address of defendant)

YOSHIE M. KAMIYAMA
Employed at Guam YTK Corporation
Hotel Wharf, Piti, Guam

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

John B. Maher, Esq.
McKEOWN VERNIER PRICE MAHER
115 Hesler Place
Ground Flr., Gov. Joseph Flores Bldg.
Hagatna, Guam 969120

an answer to the complaint which is herewith served upon you, within ____twenty (20)____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Mary L. M. Moran          MAY 23 2002

**CLERK**          **DATE**

/s/ Walter M. Tenorio

**(BY) DEPUTY CLERK**