John B. Maher, Esq.
**McKEOWN • VERNIER • PRICE • MAHER**
A Joint Venture of McKeown Price LLP
and Vernier & Maher LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone: (671) 477 7059
Facsimile: (671) 472-5487

**Attorney for Plaintiff**
KAIOH SUISAN CO., LTD.

FILED
DISTRICT COURT OF GUAM
AUG - 6 2002
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | CIVIL CASE NO. 02-00015 |
| Plaintiff, | |
| vs. | **PLAINTIFF'S STATEMENT RE: PREPARATION OF SCHEDULING ORDER** |
| TOM T. KAMIYAMA, YOSHIE M. KAMIYAMA and GUAM YTK CORP., | |
| Defendants. | |

Plaintiff KAIOH SUISAN CO., LTD. ("KAIOH SUISAN"), through counsel McKeown • Vernier • Price • Maher, by John B. Maher, Esq., hereby states that Defendants have not replied to Plaintiff's numerous requests regarding input in the Scheduling Order. Therefore, Plaintiff files the attached Proposed Scheduling Order.

Respectfully submitted this 6th day of August, 2002.

**McKEOWN • VERNIER • PRICE • MAHER**
Attorney for Plaintiff
**KAIOH SUISAN CO., LTD.**

BY: _____
JOHN B. MAHER, ESQ.

-1-

# CERTIFICATE OF SERVICE

I, **JOHN B. MAHER**, hereby certify that on the 6th day of August, 2002, I caused a copy of the annexed **PLAINTIFF'S STATEMENT RE: PREPARATON OF SCHEDULING ORDER** to be served upon Defendants, by delivering and leaving a copy of same to their attorney of record, as follows:

>  **Phillip Torres, Esq.**
> **TEKER CIVILLE TORRES & TANG, PLLC**
> Suite 200, 330 Hernan Cortez Avenue
> Hagåtña, Guam 96910

Dated this 6th day of August, 2002.

> McKEOWN • VERNIER • PRICE • MAHER
> Attorneys for Plaintiff
> **KAIOH SUISAN CO., LTD.**
>
> BY: _____/s/ John B. Maher_____
> JOHN B. MAHER, ESQ.

**IN THE DISTRICT COURT OF GUAM**

| | |
|---|---|
| KAIOH SUISAN CO., LTD. | ) CIVIL CASE NO. 02-00015 |
| Plaintiff, | ) |
| vs. | ) [PLAINTIFF'S PROPOSED] |
| | ) SCHEDULING ORDER |
| TOM T. KAMIYAMA, YOSHIE M. | ) |
| KAMIYAMA and GUAM YTK CORP., | ) |
| Defendants. | ) |

Pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure, and Local Rule 16.1 for the District Court of Guam, the parties hereby submit the following Scheduling Order:

1. **The nature of the case is as follows:** This is an action to recover $200,000.00 advanced by Plaintiff to Defendants. That amount was to be the paid-in capital of Guam Kai-Oh Co., Ltd., a Guam corporation. Plaintiff's allege that the amount was converted by the Defendants and

-1-

seek damages and equitable relief for conversion and fraud. Defendants have denied the substantive allegations of the Complaint and affirmatively pled that actions taken by the Defendants were on behalf of and authorized by Guam Kai-Oh Co., Ltd., and the Plaintiff.

2. **The posture of the case is as follows:**

   a. **The following motions are on file:** None.

   b. **The following motions have been resolved:** None.

   c. **The following discovery has been initiated:** On July 2, 2002, Plaintiff filed and served the Disclosures Required by F.R.C.P. Rule 26(a)(1)(A) and (B).

3. **All motions to add parties and claims shall be filed on or before:** November 15, 2002.

4. **All motions to amend pleadings shall be filed on or before:** November 15, 2002.

5. **Status of Discovery:**

   a. **The times for disclosures under Rules 26(a) and 26(e) of the Federal Rules of Civil Procedure is modified as follows:** None.

   b. **The following is a description and schedule of all pre-trial discovery each party intends to initiate prior to the close of discovery:**

   **Plaintiff:** Plaintiff has requested and Defendants have agreed to provide documents disclosing disbursement or expenditures of the

$200,000.00 advanced to Defendants; documents setting forth or referencing communications between Defendants and anyone concerning expenditures or disbursement of the above amount; documents showing disbursements or expenditures from the accounts of Guam Kai-Oh, Ltd.; and documents setting forth or referencing communications between Defendants and anyone concerning expenditures or disbursements from accounts of Guam Kai-Oh Co., Ltd. Plaintiff has not yet received these documents. In addition, Plaintiff plans to discover, by production requests or interrogatories, the identity of persons with relevant information concerning: disbursement or expenditure of the referenced amount; assets and property, real or personal, acquired with the referenced amount; and persons with relevant knowledge concerning Defendants' affirmative defenses that expenditures of the above referenced amount were on behalf of and authorized by Guam Kai-Oh Co., Ltd., and Plaintiff. Plaintiff will depose the individual defendants and representative(s) of the corporate defendant concerning all of the above. With allowances for the parties' schedules, Plaintiff anticipates that all discovery will be completed by **November 1, 2002**.

**Defendants:** _____

_____

_____

6. The parties shall appear before the District Court on August 21, 2002 at 3:00 o'clock p.m., for the Scheduling Conference.

7. The discovery cut-off date (defined as the last date to file responses to discovery) is: November 1, 2002.

8. a. The anticipated motions are: None.

   All discovery motions shall be filed on or before November 15, 2002 and heard on or before December 6, 2002.

   b. The anticipated dispositive motions are: None.

   All dispositive motions shall be filed on or before November 15, 2002 and heard on or before December 6, 2002.

9. The prospects for settlement are: Unknown.

10. The Preliminary Pretrial Conference shall be held on the 15th day of January, 2003, at 3:00 o'clock p.m.

11. The parties' pre-trial materials, discovery material, witness list, designations and exhibits lists shall be filed on or before January 22, 2003.

12. The Proposed Pre-Trial Order shall be filed on or before January 22, 2003.

13. The final Pre-trial Conference shall be held on or before January 28, 2003, at 3:00 o'clock p.m.

14. The Trial shall be held on the 4th day of February, 2003, at 9:30 a.m.

15. The Trial is not a jury trial.

16. It is anticipated that it will take two (2) days to try this case.

17. The names of the counsel on this case are:

    **Plaintiff:**    John B. Maher, Esq.
                    **McKEOWN • VERNIER • PRICE • MAHER**
                      115 Hesler Place, Ground Floor
                      Governor Flores Building
                      Hagatna, Guam 96910
                      Telephone: (671) 477-7059
                      Telecopier: (671) 472-5487

    **Defendants:** Phillip Torres, Esq.
                      **TEKER CIVILLE TORRES & TANG, PLLC**
                      Suite 200, 330 Hernan Cortez Avenue
                      Hagatna, Guam 96910
                      Telephone: (671) 477-9891
                      Telecopier: (671) 472-2601

18. The parties do wish to submit this case to a settlement conference.

19. The parties present the following suggestions for shortening trial: None at this time.

20. The following issues will also affect the status or management of the case: Once Plaintiff has discovered or Defendants have disclosed the disbursement and expenditure of the $200,000.00 paid-in capital advanced to

Defendants, Plaintiff may need to join additional parties in the lawsuit, including Guam Kai-Oh Co., Ltd., and individual shareholders and directors.

Dated this _____ day of July, 2002.

_____
**HON. JOHN S. UNPINGCO, CHIEF JUDGE
DISTRICT COURT OF GUAM**

**APPROVED AS TO FORM AND CONTENT:**

| | |
|---|---|
| **McKEOWN • VERNIER • PRICE • MAHER**<br>Attorneys for Plaintiff<br>**KAIOH SUISAN CO., LTD.** | **TEKER CIVILLE TORRES & TANG, PPC**<br>Attorneys for Defendants<br>**TOM T. KAMIYAMA, YOSHIE M. KAMIYAMA and GUAM YTK CORPORATION** |

By _/s/ John B. Maher_____
    JOHN B. MAHER, ESQ.

By _____
    PHILLIP TORRES, ESQ.

-6-